**UNITED STATES of America**

v.

**Gerald F. ROHLAND, Appellant.**

**No. 72–1442.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Oct. 16, 1972.

Decided Oct. 19, 1972.

Peter J. Webby, Wilkes-Barre, Pa., for appellant.

Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., S. John Cottone, U. S. Atty., for appellee.

Before GIBBONS, and JAMES RO-SEN, Circuit Judges, and LAYTON, Senior District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from a judgment of conviction and sentence for knowingly transporting, receiving and selling stolen goods in violation of 18 U.S.C. §§ 2, 2314, 2315. The facts and procedural history are set forth in the opinion of the district court on post-verdict motions. United States v. Kermidas, 332 F.Supp. 1312 (M.D.Pa.1971). Appellant makes four contentions on this appeal, all of which we have considered and reject.

1. Appellant contends that he should have been granted a judgment of acquittal at the close of the Government's case, that he should have been granted a directed verdict at the end of the entire case, and that he should have been granted a new trial because the verdict was against the weight of the evidence. The record discloses more than ample evidence for rejecting all contentions about the factual sufficiency of the prosecution's case.

2. Appellant contends that the court erred in permitting the testimony of Government witnesses MacKay, Lichtenberger and Winning because agents of the Government had displayed photographs of him, among others, to these witnesses prior to the time of his arrest, and shortly before trial. This issue is foreclosed by United States ex rel. Reed v. Anderson, 461 F.2d 739 (3d Cir. 1972). Moreover, the district court found that the use of the photographs

on both occasions were not suggestive or coercive. The district court properly applied the standards for use of photographs set forth in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968).[1]

 3. Appellant contends that he was prejudiced when, on cross-examination, he was asked by counsel for a codefendant if he had been convicted of a felony during the previous five years. Over objection he was required to answer that he had previously been convicted for armed robbery. His counsel then for the first time informed the court that this conviction had not yet resulted in a sentence, and that the case would be appealed. Counsel for appellant then moved for a mistrial. The district court denied the motion for a mistrial, but instructed the jury that Rohland had never been convicted of a felony and that it should disregard the question. In ruling on appellant's post-verdict motion for a new trial, it found that the incident, if it involved error, was harmless, citing Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967). Our own examination of the record convinces us that this finding is correct. Thus there is no occasion for us to decide in this case whether we would follow what is apparently the majority view, that reference, for impeachment purposes, to a conviction not final because still subject to a possible appeal is proper,[2] or the contrary view apparently espoused by the District of Columbia Circuit.[3]

 4. Appellant contends that it was error to admit evidence of his use, on an occasion not connected with the indictment, of the alias John Grace. This was the same alias which he used at the time he obtained possession of the stolen merchandise. The evidence was relevant, and its admission was a matter of the trial court's sound discretion. E. g., United States v. Higgins, 458 F.2d 461, 467 (3d Cir. 1972).

The judgment will be affirmed.

---

1. The Government made no contention as to the applicability of 18 U.S.C. § 3502.

2. United States v. Empire Packing Co., 174 F.2d 16 (7th Cir.), cert. denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949) ; Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956) ; Proposed Rules of Evidence for the United States District Courts and Magistrates rule 6–09(e), 46 F.R.D. 161 (1969).

3. Campbell v. United States, 176 F.2d 45, 85 U.S.App.D.C. 133 (1949).