## UNITED STATES of America

v.

## Frank A. BEASLEY.

### Crim. No. 75–191.

United States District Court,
E. D. Pennsylvania.

Nov. 28, 1975.

---

Robert E. J. Curran, U. S. Atty., Thomas E. Mellon, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Joseph C. Santaguida, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Defendant Frank A. Beasley was charged in a two-count indictment with

manufacturing, distributing, dispensing and possessing controlled substances (methamphetamine and amphetamine), with intent to manufacture, distribute and dispense them, in violation of 21 U.S.C. § 841. After a jury trial, Beasley was found guilty as to count I (methamphetamine) and not guilty as to count II (amphetamine). Presently before the Court are Beasley's motions for a new trial and/or arrest of judgment[1] on the ground that he was arrested without probable cause and without a warrant and, as such, statements he made following that arrest, even though preceded by *Miranda* warnings, should have been suppressed.[2]

■ Beasley was arrested without a warrant first having been issued. Whether that warrantless arrest was constitutionally valid depends upon whether "at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964) (citations omitted). *See United States v. Martin*, 509 F.2d 1211, 1213 (9th Cir.), *cert. denied*, 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); *Government of Virgin Islands v. Hernandez*, 508 F.2d 712, 715 (3d Cir. 1975). Therefore, we must examine the facts to determine whether the requisite probable cause existed.

■ Drug Enforcement Administration ("DEA") Special Agent Harry W. Clements, Jr., testified at the suppression hearing on the admissibility of Beasley's post arrest statements that on November 11 and 12, 1974, he interviewed a confidential informant concerning narcotics activity in Philadelphia, who had previously given detailed and accurate information to the DEA which had been utilized to corroborate other information given to the DEA in three different cases. The informant stated that, within the week preceding the 11th and 12th, he had observed three individuals—namely, "Frank the chemist," who was a black male, approximately 5'11" and 170 pounds, Peton Crump and Melvin Fulton—manufacturing methamphetamine hydrochloride in a residence located at 1313 East Rittenhouse Street. He also described the residence in some detail, including the telephone number at the residence, which he claimed was a private unlisted number. A subsequent check with the phone company revealed that the number was unlisted and that the subscriber was Frank Beasley. Agent Clements then went through the DEA's files and found a closed narcotics case wherein Beasley had been a suspect. He also obtained a picture of Beasley which was shown to the informant and was apparently confirmed by him to be that of "Frank the chemist." On both November 12 and 13, Agent Clements and other DEA agents conducted surveillance of the premises and, on the afternoon of the 13th, they went to 1313 East Rittenhouse Street to execute a search warrant. Before the

[1]. A motion for arrest of judgment may *only* be raised on the grounds that: (1) the indictment or information does not charge an offense; or (2) the court was without jurisdiction of the offense charged. *See* Fed.R.Crim.P. 34; 2 Wright; *Federal Practice and Procedure: Criminal* §§ 571–574 (1969). Since Beasley asserts neither of these grounds, the motion for arrest of judgment will be denied.

[2]. Beasley cites *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), in support of his contention. The *Brown* case did not, however, adopt a *per se* rule that all post illegal arrest statements must be suppressed even when *Miranda* warnings are given, but only that the facts of each case must be carefully examined to determine whether the statements were obtained by exploitation of an illegal arrest, or whether intervening factors, including *Miranda* warnings, sufficiently attenuated the taint of the illegal arrest. *Id.* at 601–05, 95 S.Ct. at 2261–2262, 45 L.Ed.2d at 426–428. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Therefore, if this Court were to hold that Beasley's arrest was illegal, we would then have to examine the circumstances surrounding the making of the statements in light of the holding in *Brown*. Since the Court will not so hold, we need not address this issue.

agents were able to execute the warrant, Beasley and another individual came out of the residence, got into a car, drove around the block and went back inside. Another agent, having seen a picture of Beasley and thus able to identify one of the two men as Beasley, notified Agent Clements of the above-stated occurrence. Immediately thereafter, Beasley came back out of the house with the same individual, got back into the car and drove away. At that point, Agent Clements and his men moved in arrested Beasley.

The Court believes that all of these facts, taken together, amply demonstrate that, at the time of the arrest, the agents had probable cause to believe that Beasley was involved in the manufacturing of a controlled substance.

 Beasley contends, however, that even if there was probable cause to arrest, the agents were required to procure a warrant prior to the arrest. Assuming, *arguendo*, that an arrest warrant must be obtained even though probable cause exists,[3] there were exigent circumstances in this case which justify the delay. Agent Clements testified that DEA agents had been conducting surveillance of the premises for two days and were afraid that their presence had been detected by Beasley. This is certainly a logical inference, as the agents were strangers in the neighborhood and had been driving up and down the street for two days. In addition, the agents had information that Beasley did not live at 1313 East Rittenhouse Street. Coupled with the fact that Beasley was departing by automobile, the agents could reasonably assume that Beasley might never come back. Therefore, the agents were not required to procure a warrant, as there was a likelihood that Beasley might have escaped had he not been swiftly apprehended.

Accordingly, the motion for new trial will be denied.

---

**3.** Concerning arrests in public places, the majority of circuit courts which have addressed this issue have held that, as long as an arrest is supported by probable cause, there is no additional requirement of recourse to a warrant. *See Bishop v. Wainwright*, 511 F.2d 664, 666–667 (5th Cir. 1975); *Government of Virgin Islands v. Hernandez*, 508 F.2d 712, 716 (3d Cir. 1975); *Dorman v. United States*, 140 U.S.App. D.C. 313, 435 F.2d 385, 389 (1970) (en banc) (dictum). *But see United States v. Watson*, 504 F.2d 849, 852 (9th Cir. 1974), *cert. granted*, 420 U.S. 924, 95 S.Ct. 1117, 43 L.Ed.2d 392 (1975). Although we cannot predict exactly how the Supreme Court will hold in the *Watson* case, Justice Powell recently noted that the Supreme Court has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant. *Gerstein v. Pugh*, 420 U.S. 103, 112, 95 S.Ct. 854, 862, 43 L.Ed.2d 54, 64 (1975).

A more difficult question is whether and under what circumstances officers may make an arrest in a suspect's home without first having obtained a warrant. *See Gerstein v. Pugh, supra*, 410 U.S. at 114 n. 13, 95 S.Ct. at 863 n. 13, 43 L.Ed.2d at 65 n. 13; *Dorman v. United States, supra*, 435 F.2d 388–391. One court has suggested that daytime home arrests based upon probable cause are valid, while nighttime entries must be preceded by the procurement of a warrant. *See United States v. Fernandez*, 480 F.2d 726, 740 n. 20 (2d Cir. 1973).