**UNITED STATES of America**

v.

**John HUDSON and Bobby Hudson.**

**Crim. No. 75–379.**

United States District Court, E. D. Pennsylvania.

Sept. 17, 1976.

Robert E. J. Curran, U.S. Atty., Thomas E. Mellon, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Neil E. Jokelson, Philadelphia, Pa., for B. Hudson.

William A. Fitzpatrick, Philadelphia, Pa., for J. Hudson.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

█ Defendants were found guilty by a jury of all the charges contained in a four-count indictment alleging violations of federal narcotic and dangerous drug laws. John Hudson was charged in three counts of the indictment with knowingly and intentionally distributing a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Together with his brother, Bobby Hudson, John was charged in a separate count with conspiring to distribute the methamphetamine, in violation of 21 U.S.C. § 846. In addition to the conspiracy count, Bobby Hudson was charged in one of the substantive counts with distribution of methamphetamine. Both defendants have filed motions for arrest of judgment,[1] judgment of acquittal or a new trial. For the reasons stated herein, all of the motions will be denied.

### Sufficiency of the Evidence

█ By their motions for judgment of acquittal, both defendants have challenged the sufficiency of the Government's evidence to support the jury's verdict of guilty. In examining the evidence, our task is a limited one. We neither weigh evidence nor judge the credibility of witnesses. These are matters for the jury. We consider only whether, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, it would permit the jury to find guilt established beyond a reasonable doubt. *United States v. Greenlee*, 517 F.2d 899, 902–903 (3d Cir.), *cert. denied*, 423 U.S. 985, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975).

█ The Court believes that the Government clearly presented sufficient evidence

---

1. A motion for arrest of judgment may be granted *only* on the grounds that: (1) the indictment or information does not charge an offense; or (2) the court was without jurisdiction of the offense charged. *United States v.* *Beasley*, 412 F.Supp. 447, 449 n.1 (E.D.Pa. 1975), *aff'd mem.*, 538 F.2d 321 (3d Cir. 1976); Fed.R.Crim.P. 34. Since neither of these grounds is asserted by defendants, their motions for arrest of judgment will be denied.

to sustain John Hudson's conviction on all four counts. The Government's case against both defendants rested primarily on the testimony of Diane Calhoun, a coconspirator who had earlier pleaded guilty to participation in the events charged in this indictment. Calhoun testified that John Hudson was the courier from her supplier, Joe Hawkins. She further testified that, on each of the three dates alleged in the substantive counts of the indictment, John Hudson delivered the methamphetamine to her and was at or near the scene of the subsequent transaction with her customer. Calhoun's testimony was corroborated in large part by Drug Enforcement Administration ("DEA") Special Agent William Kean, who purchased the methamphetamine from Calhoun on all three occasions while acting in an undercover capacity. Further corroboration was offered by federal agents who performed surveillance work during these transactions. In addition, John Hudson, while denying knowledge of or participation in the transactions, admitted on the witness stand his presence at or near the location of each sale by Calhoun to Kean. The jury could properly find John Hudson guilty based on all the evidence.

The case against Bobby Hudson was less clear-cut. The Government's theory at trial was that Bobby joined the conspiracy on or about December 9, 1974, the date of the last transaction between Calhoun and Kean. According to Calhoun, when John Hudson arrived at her residence on that day to drive her to the location where the drugs were to be passed, he was accompanied by Bobby Hudson. When she entered the automobile, John introduced Bobby as his brother and stated that Bobby would go with her into the house where the transaction was to take place for her protection. John also told Calhoun, while in the car, that he had the "package" with him and they discussed the price to be charged in the presence of Bobby. Bobby Hudson did not participate in this conversation.

Upon entering the house that was the prearranged location for the sale, Bobby Hudson was introduced by Calhoun to the other participants in the transaction as a friend of hers and he followed the others into the kitchen of the house. Bobby did not engage in any conversation until the methamphetamine was being passed in the kitchen. At this time, both Kean and Calhoun testified that Kean asked Bobby if the drugs were of good quality and Bobby replied that he had tasted them and that they were good. Shortly thereafter, with all of the parties still present, money was passed to Calhoun. She, Bobby Hudson and another coconspirator were then immediately arrested.

There was no evidence that Bobby Hudson ever touched the drugs or the money involved in the transaction on December 9, 1974. Calhoun testified that she had not expected John Hudson to be accompanied by anyone that day and that, as far as she was concerned, it was not necessary for another person to be present for the transaction to take place. Calhoun further testified that the transaction would have gone forward whether Bobby Hudson was present or not.

▮ Relying primarily upon *United States v. Baker*, 499 F.2d 845 (7th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974), Bobby Hudson contends that the evidence does not support a finding of his guilty participation in the conspiracy. This Court has previously recognized "the firmly established legal precept that evidence of mere presence at the scene of a crime is insufficient to prove guilty participation." *United States v. Ackridge*, 370 F.Supp. 214, 218 (E.D.Pa.1973), *aff'd mem.*, 500 F.2d 1400 (3d Cir. 1974). However, viewing the evidence most favorably to the Government, the case against Bobby Hudson is clearly stronger than that against defendant Vela in *United States v. Baker, supra.* Vela was present in his own apartment while a discussion concerning the purchase of drugs was taking place. There was no evidence that Vela participated in that discussion. Nor was there any evidence that Vela participated in a similar

conversation the following evening. While the evidence showed that Vela drove a co-defendant and another individual to a motel where the sale of some "reds" was consummated, there was no evidence that Vela participated in either the conversation or the transaction. The court held, over a strong dissent by Judge (now Justice) Stevens, that there was insufficient evidence to establish that Vela had knowledge of and associated himself with the criminal conspiracy or intended to participate in it.

In contrast to *Baker*, the evidence in this case not only places Bobby in the room where the transaction was taking place while the drugs were visible on a table, but, significantly, it shows Bobby responding to a question put to him by the prospective purchaser concerning the quality of the drugs. This is in addition to Calhoun's testimony that Bobby Hudson was present while she and John Hudson discussed the price to be charged for the methamphetamine and when John stated that Bobby would accompany her for her protection. In the face of a guilty verdict, only "slight" evidence is required to link a particular defendant to an established conspiracy. *United States v. Hopkins*, 518 F.2d 152, 156 (3d Cir. 1975). The evidence in this case was sufficient to fairly support the conclusion, beyond a reasonable doubt, that Bobby Hudson knew of the conspiracy and associated himself with it. The jury's verdict was a proper one. *See United States v. Cardi*, 478 F.2d 1362, 1368–1369 (7th Cir.), cert. denied, 414 U.S. 852, 94 S.Ct. 147, 38 L.Ed.2d 101 (1973).

The motions for judgment of acquittal will be denied.

### "Bruton" Issues

DEA Special Agent Guadagnino testified at trial concerning the role he played on December 9, 1974, while performing surveillance work at the location of the drug transaction. He stated that, at approximately the time that the arrests were planned for on that day, he noticed a Volkswagen automobile parked on the street where the arrests were to occur with the motor running and its parking lights operating. As the agents closed in on the house in which the transaction was taking place, Guadagnino observed the Volkswagen immediately start to drive away. Feeling that the driver and vehicle were involved in the drug transaction, Guadagnino proceeded to follow the Volkswagen. He thereafter stopped the vehicle and asked the driver to identify himself. Guadagnino's testimony continues: "The driver identified himself as John Hudson. I asked him for the registration of the car and at this time he told me, 'You know whose car it is; it is Joe Hawkins'.'" [N.T. 4–192.]

Joe Hawkins had previously been identified in the testimony as the supplier of the methamphetamine involved in these transactions. Defense counsel objected on behalf of both defendants to the introduction of the alleged statement by John Hudson. An evidentiary hearing was immediately conducted, out of the presence of the jury, to determine the admissibility of the statement. At the conclusion of that hearing, the Court ruled the statement inadmissible. When the trial resumed, the Court stated to the jury:

I am going to alert you now and I will instruct you in most emphatic terms that you must disregard that answer in your deliberations in this case. Now, that doesn't mean you can forget it completely, possibly, because you heard it, but in assessing the evidence in this case, it will be most important that each of you, and all of you collectively, not include that as an item of evidence in assessing whether the evidence meets the burden of proof. Do you understand? [N.T. 5–53.]

The quoted testimony was then read by the court reporter to the jury, and the Court continued:

All right, members of the jury, that reference to Joe Hawkins should be completely disregarded and if any of you consider that as evidence against either defendant it would be a violation of your duty in following the court's instructions.

Now, I will repeat that again in my final charge. You should disregard that

answer as evidence in this case against these defendants. [N.T. 5–54.]

Without specifically mentioning Guadagnino's testimony, the Court instructed the jury in the final charge as follows:

> You should, of course, disregard any evidence that the court directed should be stricken. You should disregard any evidence that the court, after hearing counsel, directed was improperly offered and sustained an objection. [N.T. 7–125 to 7–126.]

John Hudson now contends that a new trial should be granted to him based on the reasoning contained in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held limiting instructions to be an insufficient protection against the jury's improper use of a codefendant's inculpatory confession, admitted in a joint trial only against the codefendant, who is not subject to cross-examination. He argues that, even though the statement was stricken and the Court gave specific instructions to disregard it, the limiting instructions were inadequate to vitiate the prejudicial effect of the testimony. We disagree. *Bruton* recognized that "[n]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions. . . ." 391 U.S. at 135, 88 S.Ct. at 1627. The *Bruton* court did not consider it unreasonable to conclude that in many cases where inadmissible evidence "creeps in," the jury can and will follow the trial judge's instructions to disregard such information. *Id.* at 135, 88 S.Ct. 1620. The Court believes that this is a case in which the jury can reasonably be expected to have followed the instructions given to it.

We also do not believe that Bobby Hudson is entitled to a new trial on this issue. The statement did not inculpate Bobby Hudson by name and, at most, raised a secondary inference of guilt by suggesting an association between John Hudson and alleged coconspirator Joe Hawkins. This was not one of those "powerfully incriminating extrajudicial statements" with which *Bruton* was concerned. 391 U.S. at 135, 88 S.Ct. 1620. Moreover, "unlike the situation in *Bruton*, the jury was not being asked to perform the mental gymnastics of considering an incriminating statement against only one of two defendants in a joint trial." *Frazier v. Cupp*, 394 U.S. 731, 735, 89 S.Ct. 1420, 1423, 22 L.Ed.2d 684 (1969). This statement was barred from the jury's consideration for any purpose with emphatic cautionary instructions. We cannot say that the jury's hearing of the statement was so prejudicial to Bobby Hudson as to require a new trial. *See United States v. Gatto*, 299 F.Supp. 697, 700–702 (E.D.Pa. 1969).[2]

### *Cross-Examination of Diane Calhoun*

■ Defendants contend that it was error to prohibit them from cross-examining Government witness Diane Calhoun, a coconspirator, about her prior involvement in drug transactions not directly related to this case, after she had exercised her Fifth Amendment privilege against self-incrimination as to any such questions upon the advice of counsel. We consider the proposed line of inquiry to have concerned only the credibility of the witness, and not to have been directed at the details of her direct testimony. [*See* N.T. 4–83 to 4–84.] As such, the honoring of Calhoun's Fifth Amendment privilege fell within a recognized exception to the general rule that unreasonable limitation of cross-examination of Government witnesses is a violation of the Sixth Amendment right of confrontation. *See United States v. Newman*, 490 F.2d 139, 144–146 (3d Cir. 1974); Fed.R.Evidence 608(b).

We have considered all of the other grounds for a new trial raised by each defendant and find them to be without merit. Accordingly, the motions for a new trial will be denied.

An appropriate Order will be entered.

---

**2.** The Court also rejects Bobby Hudson's suggestion that there was prosecutorial misconduct involved in the non-disclosure of this statement prior to trial.