**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**GERALD LEYCOCK, et al., Defendants**

Criminal No. 81/115

District Court of the Virgin Islands

Div. of St. Croix

February 24, 1982

FABIAN HENRY, ESQ., Assistant United States Attorney, Christiansted, St. Croix, V.I., *for government of V.I.*

LOLITA D'JONES, ESQ., Assistant Federal Public Defender, Christiansted, St. Croix, V.I., *for defendant Leycock*

BRIAN L. MASONY, ESQ., Christiansted, St. Croix, V.I., *for defendant Vallade*

O'BRIEN, *Judge*

■■■■■

## MEMORANDUM OPINION

Defendants were convicted by a jury of two counts of grand larceny and one count of robbery first degree. They have moved for judgment of acquittal or, in the alternative, for a new trial, pursuant to Rules 29 and 33, Fed. R. Crim. P. respectively. Either or both of them assert the following grounds: (1) The verdicts were contrary to the weight of the evidence; (2) two knit hats were erroneously admitted into evidence, and; (3) that the Court erred in refusing (a) to give instructions as requested, (b) to sever defendant Leycock's case from his co-defendant, (c) to grant a motion to compel an election among the counts of the information, and (d) to grant a continuance of the trial date to permit defendant Leycock to obtain expert testimony as to a psychological stress evaluation, and to have such testimony admitted into evidence.

The motions will be denied in all respects.

## I. MOTION FOR JUDGMENT OF ACQUITTAL

■■ It is not for the judge, ruling on a motion for judgment of acquittal under Fed. R. Crim. P. 29 to assess the credibility of witnesses, weigh the evidence, or draw inferences of fact from the evidence. 2 C. Wright, Federal Practice & Procedure § 467, at 259 (1969). The Court is limited to deciding "whether, viewing all the evidence adduced at trial in the light most favorable to the government, there is substantial evidence from which the jury could find guilt beyond a reasonable doubt." Government v. Bradshaw, 569 F.2d 777, 779 (3rd Cir. 1978), cert. denied, 436 U.S. 956 (1978).

Viewed from that perspective, the evidence in the case herein consisted of three eye-witnesses who identified each of the defendants as the persons who robbed Gerdian's Jewelry Store in Frederiksted in their presence. Minutes later, the same two defendants were apprehended by a public safety officer while they were climbing over a fence nearby. The identification took place within minutes of their being apprehended. There was further evidence that physical injury was caused to at least one of the sales clerks in the store by one of the robbers, who also identified one of the defendants. Moreover, it was established that many thousands of dollars worth of jewelry left the store with the robbers on November 21, 1981.

■ All of the elements of the crimes for which the defendants were convicted were contained in the evidence,[1] and that evidence was clearly sufficient to send the case to the jury.

---

[1] Robbery First Degree is a robbery wherein one of the perpetrators causes physical

61

## II. MOTION FOR A NEW TRIAL

■ For a motion for a new trial, Fed. R. Civ. P. 33 provides a much broader standard of review than that applied to a motion for judgment of acquittal. United States v. Morris, 308 F.Supp. 1348, 1351 (E.D. Pa. 1970), United States v. Pepe, 209 F.Supp. 592, 594 (D. Del. 1962) aff'd, 339 F.2d 264 (3rd Cir. 1964) (per curiam), 2 C. Wright, Federal Practice and Procedure §§ 467, 553 (1969 & Supp. 1980). Under Rule 33, the Court weighs the evidence and credibility of witnesses. United States v. Wright, 625 F.2d 1017 (1st Cir. 1980), United States v. Byrne, 451 F.Supp. 109 (E.D. Pa. 1978), 2 C. Wright, Federal Practice & Procedure § 553, at 486 (1969). If the evidence preponderates heavily against the verdict, the Court, having cautiously considered all of the evidence, may exercise its discretion to order a new trial. Such an exercise of discretion is to be used only in exceptional circumstances, however. United States v. Kermidas, 332 F.Supp. 1312, 1316 (M.D. Pa. 1971) (motion for acquittal and new trial), aff'd, United States v. Rohland, 468 F.2d 238 (3rd Cir. 1972) (judgment of co-defendant affirmed), United States v. Pepe, supra.

The following is a review of each ground cited by the defendants in their motions for a new trial:

■ (1) The argument that the verdicts were contrary to the weight of the evidence is a frivolous basis for a new trial. The identification testimony was overwhelming, the value of the goods taken is uncontested, and the assault on one of the clerks was described in detail. The jury obviously did not believe the defendants' testimony that they were merely walking along the street at 9 a.m. that morning smoking a "marijuana joint", when a police car screeched to a halt and summoned them, all within a block of the robbery scene. It is the Court's view that the jury gave careful consideration to the evidence as presented and that the verdict was not against the weight of the evidence.[2]

---

injury which is incapacitating to any person. V.I. Code Ann. tit. 14, § 1862(1) (Supp. 1980). Elsa Ramirez, a store clerk, was pushed to the ground, choked and at trial, demonstrated a scar still remaining on her arm. Grand larceny involves the taking of property of more than $100 in value. V.I. Code Ann. tit. 14, § 1083 (1964). Testimony at the trial indicated that $34,000 in jewelry was taken.

[2] Although the evidence was overwhelming that a gun was used in the robbery, the jury refused to convict on a charge of possession of a firearm during commission of a crime of violence. In all probability, the refusal to convict on that count was due to careful consideration of the Court's charge to the effect that the jury must find that such a firearm was "operable" to reach a verdict of guilty. This lends

■ (2) The argument that two knit hats were erroneously admitted into evidence without proper foundation or proof of chain of custody has little merit. The hats were identified by the sales clerks as the hats of the robbers, even to the extent of identifying which robber wore which hat. Such identification provided the foundation for admission of both hats (one had gold braid distinguishing it from the other). Detective Rodriguez' testimony was admittedly confusing, but the confusion was cleared up when the defense called officer Thelma Macedon, who actually took the hats from the defendants as evidence. Moreover, the defendants themselves readily identified the hats as theirs, and conceded that the hats were taken from them by Officer Macedon. In any event, the hats played little part in the case, since all identification witnesses cited the faces of the defendants as the basis for their identification. As to the clothing and other aspects of their appearance, there was varying and sometimes conflicting testimony. This is natural under the circumstances, and under proper instruction, the jury was required to, and did, sort it all out.[3]

■ (3) The argument that the Court erred in refusing certain jury instructions was covered in full on the record during the trial, and all points in that respect were protected for an appeal. Suffice it to say that nearly all instructions were approved unanimously by counsel, and the instructions given followed the standard pattern instructions approved repeatedly in the Third Circuit.

■ (4) The argument, that the motion by defendant Leycock for a severance and an election among the counts of the information should have been granted, involves points widely discussed on the record before and during the trial. Since the jury's verdict did not involve guilty verdicts on any of the counts considered as duplicating the other counts, i.e., assault as a separate count from robbery, the point would seem to be moot. The suggestion of a severance of defendant Leycock from defendant Vallade for trial purposes was accompanied by no citations or points of authority worthy of consideration. The jury was cautioned to judge each defendant separately. In addition, a separate verdict form was provided for each defendant. There was no prejudice to Mr. Leycock's case.

---

great weight to those counts on which the defendants were convicted, clearly indicating the care given to the evidence by the jury.

[3] Defendant Vallade also argues that the eye-witness identification is inherently untrustworthy, and that the untrustworthiness was enhanced by the suggestive nature of the "show up" procedure by the police. This area was covered extensively on the record by the Court in a motion to suppress the identifications. The Court reasserts its decisions there, therefore, no further discussion is needed.

■ ■ (5) Defendant Leycock lastly argues that a trial continuance should have been granted to permit time to provide expert testimony on Mr. Leycock's psychological stress evaluation test. A psychological stress test is analogous to a lie detector test. An analyst attempts to determine whether a person is telling the truth by studying his speech patterns as he responds to questions. The continuance was denied on the ground that there was no stipulation among counsel to the admissibility of either the test results or the expert testimony which would describe the test. Indeed, such tests are probably viewed by courts with even greater disdain than lie detector (polygraph) tests. The admission of such evidence is within the Court's discretion. Cf. United States v. Webster, 639 F.2d 174 (4th Cir. 1981) (no abuse of discretion for exclusion of polygraph test). The refusal to delay the trial to accommodate that testimony was a proper exercise of that discretion. Cf. United States v. Marshall, 526 F.2d 1349, 1360 (9th Cir. 1975), cert. denied, 426 U.S. 923 (1976) (trial court rarely abuses discretion when it elects not to admit results of polygraph test), United States v. Infelice, 506 F.2d 1358 (7th Cir. 1974), cert. denied, 419 U.S. 1107 (1975), reh'g denied, 420 U.S. 956 (1975).

## CONCLUSION

The defendants have raised no issues in their respective motions which require either (a) a judgment of acquittal or (b) a new trial. The motions will therefore be denied.

## ORDER

THIS MATTER is before the Court on motions of the defendants for judgment or acquittal or, in the alternative, for a new trial. The Court having filed its Memorandum Opinion herewith, it is

ORDERED:

THAT, the motions of the defendants be and the same are DENIED.