**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**DUPERT KNOWLES, Defendant**

Criminal No. 229/83

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 8, 1983

CYRUS L. BOOKER, ESQ., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for plaintiff*

TODD H. NEWMAN, ESQ. (NICHOLS AND NEWMAN), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Defendant stands before this Court on his renewed Rule 29(c) Motion for Judgment of Acquittal, Federal Rules of Criminal Procedure. The jury found defendant guilty on two (2) counts of Assault Third Degree (14 V.I.C. § 297(2) and (4)), Disturbing the Peace by Fighting (14 V.I.C. § 622(1)) and Brandishing and Exhibiting a Deadly Weapon (14 V.I.C. § 621(2)).

### COUNTS I and IV

Count One of the information charged defendant with Assault with a Deadly Weapon, namely a gun. Count Four charged defendant with using a Deadly Weapon, namely a gun, in a fight. Defendant contends that there was insufficient evidence adduced at trial from which the jury could have found beyond a reasonable doubt that he possessed and used a gun during the attack upon his victim, Trevor Knight.

■■ During the trial of this case there was direct evidence in the form of testimony from the victim Knight that he received a blow to his head, looked up and saw a gun ("an iron") in the hand of defendant. Furthermore, it was stipulated that Knight sustained a fractured skull during the attack, resulting in serious bodily injury. Defendant was given the opportunity to cross-examine the witness, as well as present rebuttal testimony. The jury heard the evidence and observed the demeanor of the witnesses who testified at trial. Upon the facts presented this Court cannot say that the evidence did not substantiate the charge, disregard the findings of the jury, and substitute for the verdict of the jury its own Judgment. It is not for the Judge, ruling on a Motion for Judgment of Acquittal under Fed. R. Crim. P. 29, to assess the credibility of witnesses, weigh the evidence, or draw inferences of fact from the evidence. Government of the Virgin Islands v. Leycock, 19 V.I. 59, 93 F.R.D. 569, 570

(D.C.V.I. 1982) citing Wright, Federal Practice and Procedure § 467 (1969). Defendant's contention that there was insufficient evidence to prove beyond a reasonable doubt that a gun was utilized during the attack upon his victim is rejected.

## COUNT II

Defendant complains that there was no evidence presented to establish the elements of the offense charged in Count II of the information, i.e., Assault in the Third Degree, specifically with assaulting Trevor Knight and inflicting serious bodily injury upon his person, in violation of 14 V.I.C. § 297(4). Defendant calls the Court's attention to the Code definitions of Assault (14 V.I.C. § 291) and Assault and Battery (14 V.I.C. § 292) and would have this Court mutually exclude the two offenses. Such a position is untenable.

A reading of our statutes governing assault offenses brings this Court to the conclusion that elements of the common law phrase battery are incorporated into the statutory offense of assault as well as the offense of assault and battery. Many jurisdictions have eliminated the somewhat confusing distinction between Assault and Assault and Battery by eliminating the latter term Assault and Battery and assimilating both common law actions of assault, the threat of violence, and battery, a harmful or offensive contact, into the offense of Assault.[1] Defendant admits in his Motion for Judgment of Acquittal that there was testimony that could establish a battery. Battery is defined in Black's Law Dictionary as any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent. 14 V.I.C. § 297(4) reads as follows:

---

[1] See Model Penal Code § 211.1 (Proposed Official Draft 1962).

    (1) Simple Assault. A person is guilty of assault if he:

        (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or

        (b) negligently causes bodily injury to another with a deadly weapon; or

        (c) attempts by physical menace to put another in fear of imminent serious bodily injury.

Simple assault is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

    (2) Aggravated Assault. A person is guilty of aggravated assault if he:

        (a) attempts to cause serious bodily injury to another or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or

        (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

Aggravated assault under paragraph (a) is a felony of the second degree; aggravated assault under paragraph (b) is a felony of the third degree.

Whosoever, under circumstances not amounting to an assault in the first or second degree—

. . . (4) assaults another and inflicts serious bodily injury upon the person assaulted; or whoever under any circumstances . . . .

■ From the testimony adduced at trial, the jury could properly conclude that the blows to the head of Trevor Knight constituted an assault with resultant serious bodily injury.

### COUNT III

■ Defendant's last contention is that the Government did not establish the elements of malice and wilfulness in Count III of the information which charged that defendant did maliciously and willfully disturb the peace and quiet of Trevor Knight, in violation of 14 V.I.C. § 622(1). In his motion for judgment of acquittal defendant admits that there was evidence which could show the essential elements of malicious and willful conduct. His complaint lies then in the sufficiency of the testimonial evidence. However, as stated, once competent evidence has been properly presented to the jury, this court will not usurp the absolute power of that body as trier of fact to determine the credibility of that evidence and to draw inferences therefrom.

Accordingly, defendant's Motion for Judgment of Acquittal is hereby overruled.

### ORDER

Pursuant to the Memorandum Order filed on even date herewith, defendant's Motion for Judgment of Acquittal is hereby DENIED.